IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
(NEW ALBANY DIVISION)

ALLIE LASWELL
8018 Ella Marie Way, Apt. 2
Georgetown, Indiana 47122

PLAINTIFF

v.

Case No. ___________________

Judge______________________

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

DEFENDANTS

SERVE: Corporation Service Company
135 North Pennsylvania Street, Suite 1610
Indianapolis, Indiana 46204
(BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

SERVE: CT Corporation System
334 North Senate Avenue
Indianapolis, Indiana 46204
(BY CERTIFIED MAIL)

** ** ** **

**VERIFIED COMPLAINT**

Comes the Plaintiff, Allie Laswell, by counsel, and for her Verified Complaint against the Defendants, Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian"), states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; Experian's failure to provide Plaintiff with complete investigation results; Equifax's failure to correct the inaccurate history on Plaintiff's accounts; and Defendants' failure to correct the false reporting on Plaintiff's credit report.

## II. PARTIES

2. Plaintiff, Allie Laswell, was at all relevant times a citizen of the State of Indiana, residing at 1619 Brigman Avenue, Jeffersonville, Indiana 47130.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the State of Indiana, with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

5. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

7. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the State of Indiana, with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

8. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

9. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

10. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Clark County, Indiana, as a result of the Defendants' doing business in Clark County, Indiana.

## IV. FACTUAL BACKGROUND

11. In or around March 2025, Plaintiff accessed her Equifax and Experian credit reports and found numerous accounts reporting with false payment history.

12. Immediately upon discovery of the tradelines, Plaintiff disputed the accounts to Equifax and Experian in writing.

13. Plaintiff received results from Experian which included a section addressing disputed accounts. However, the accounts names and numbers were omitted, and specifics about account changes were not specific.

14. Plaintiff did not receive results from Equifax, and they failed to investigate the inaccuracies concerning Plaintiff's accounts.

15. The Defendants' actions have damaged Plaintiff, in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes, maintain the accuracy of Plaintiff's credit reports, and their continued false reporting. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – Equifax

16. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 15, as if fully set forth herein.

17. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradelines, despite knowledge of the falsity of the disputed items, are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

18. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

19. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

20. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs, as if fully set forth herein.

21. Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradelines, despite knowledge of the falsity of the disputed items, are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15

U.S.C. §1681i.

22. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

23. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

24. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

25. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines, despite Equifax's knowledge of the falsity of the disputed items, are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

26. Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

27. Equifax's violations of the FCRA amount to willful non-compliance with the

FCRA, as stated in 15 U.S.C. §1681n, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

28. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 27, as if fully set forth herein.

29. Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradelines, despite Experian's knowledge of the falsity of the disputed items, are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

30. Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

31. Experian's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Experian is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Allie Laswell, respectfully demands the following:

1. Judgment against the Defendants for statutory, compensatory, consequential, and punitive damages;

2. For attorneys' fees and costs; and,

3. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40202
Phone: (502) 443-1060
Cell: (859) 743-4407
Facsimile: (502) 589-3004
Hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

**VERIFICATION**

I, Allie Laswell, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information, and belief.

Allie Laswell